IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA CRISS, | ) |
| Claimant, | ) No. 16 C 02348 |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Laura Criss ("Claimant") seeks review of the final decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 6.] Claimant has moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment. [ECF No. 11.] For the reasons stated below, Claimant's motion for summary judgement is granted. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

On February 8, 2011, Claimant filed an application for DIB alleging a disability onset date of November 1, 2006. (R. 339–42.) The claim was denied initially on April 13, 2011, upon

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security Nancy A. Berryhill as the named defendant.

reconsideration on August 4, 2011, and after a hearing before an Administrative Law Judge ("ALJ") in a decision dated September 28, 2012. (R. 105–37, 156–176, 181–85, 189–92.) On November 20, 2012, Claimant requested that the Appeals Council review the ALJ's decision and on February 26, 2014 the Appeals Council vacated the ALJ's decision and remanded Claimant's case to an ALJ. (R. 177–79, 286–89.) On August 19, 2014, another hearing was held at which Claimant, who was represented by counsel, testified. (R. 44–104.) A medical expert (the "ME") and a vocational expert (the "VE") also appeared and testified. (*Id.*)

On September 18, 2014, the ALJ issued a written decision. (R. 24–36.) In the decision, the ALJ went through the five-step sequential evaluation process and ultimately found Claimant not disabled under the Act. (R. 36.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since November 1, 2006, the alleged onset date. (R. 26.) At step two, the ALJ found that Claimant had the severe impairments of bronchial asthma and allergic rhinitis. (R. 27.) She concluded that Claimant's mental impairment of a history of anxiety and her osteoporosis were non-severe. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R. 29.)

Before step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform work at a light exertional level, but was limited to never climbing ladders, ropes, or scaffolds and must avoid concentrated exposure to extreme cold or heat, humidity, and pulmonary irritants. (*Id.*) She also found that Claimant was to work in a controlled environment. (*Id.*) Finally, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Claimant could perform. (R. 28.) Specifically,

2

the ALJ found that Claimant could work as a cashier, counter clerk, and mail clerk. (R. 35.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 36.)

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel,* 530 U.S. 103, 106–07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue,* 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making

3

independent credibility determinations." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms,* 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. ANALYSIS

On remand, the Appeals Council directed the ALJ to: (1) give further consideration to Claimant's RFC and cite specific references to the record to support her assessment of Claimant's limitations, and (2) obtain supplemental evidence from the VE to clarify the effect of the assessed limitations on the occupational base. (R. 179.) The Appeals Council further instructed the ALJ to first identify and resolve any conflicts between the testimony of the VE and the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations (SCO) before she relied on the supplemental evidence from the VE. (*Id.*)

Claimant asserts that the ALJ's decision must be reversed because she: (1) failed to provide appropriate rationale in support of her RFC determination and omitted the limitations contained in the previous ALJ's RFC assessment; (2) failed to properly assess the VE's testimony and to identify and resolve any conflicts between the VE's testimony and the occupational publications; (3) improperly assessed Claimant's credibility; and (4) violated the Social Security Regulations when she assigned little weight to the medical opinions of Claimant's long time treating physician. The Court finds that the ALJ erred because she failed to articulate the weight she accorded to Claimant's treating physician and improperly assessed

4

Claimant's credibility. Because these conclusions require remand, the other alleged errors need not be addressed at this time.

### A. The ALJ Failed to Properly Articulate Her Reasons for According Dr. Ghani's Opinion No Weight

Claimant argues that the ALJ impermissibly rejected the testimony of her long-time treating physician M.T.K. Ghani, M.D. A treating physician's opinion normally is given controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is consistent with substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). The ALJ determined that Dr. Ghani's opinions were inconsistent with other objective medical evidence in the record which revealed that Claimant's pulmonary function was not as limited as Dr. Ghani opined. (R. 32.) She also found that Dr. Ghani's opinion was inconsistent with the testimony of medical expert Ashok Jilhewar, M.D., who testified at Claimant's hearing. (*Id.*) Due to these inconsistencies, the ALJ concluded that Dr. Ghani's opinion was not entitled to controlling weight.

Claimant's argument continues that even if the ALJ permissibly found that Dr. Ghani's opinion was not entitled to controlling weight, she was still required to determine and articulate what weight to accord the opinion. If an ALJ does not assign controlling weight to a treating opinion she must consider five factors to determine what weight to give the opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship; (3) whether the "medical source presents relevant evidence to support an opinion"; (4) the consistency with the record a whole; and (5) whether the treating physician was a specialist in the relevant area. 20 C.F.R. § 404.1527(c)(2)-(6).

5

The factors noted in 20 C.F.R. § 404.1527(c) should have guided the ALJ's discussion of how much weight to give Dr. Ghani's opinion, yet the ALJ gave Dr. Ghani's opinions "little weight" because she found that they were not "consistent with the medical evidence." (R. 32.) The ALJ stated that "Dr. Ghani did not provide diagnostic and clinical objective findings to support his opinions," and that his opinions were "inconsistent with the medical expert opinion of Dr. Jilhewar." (*Id.*)

While Dr. Ghani's opinion may not have been entitled to controlling weight, several of the factors support the conclusion that his opinion should be given substantial weight. Dr. Ghani had a treatment relationship with Claimant spanning over forty-five years, (R. 571, 578); he had treated her at least twice a year between 2006 and 2011, (553–570); he is a board certified allergist and immunologist, (R. 599); and his opinions remained relatively consistent throughout the record. (R. 571; 599; 612) (medical opinions stating that Claimant is unable to perform full-time work due, in part, to chronic asthmatic bronchitis and daily wheezing, warranting the use of a nebulizer.) If the ALJ had given proper consideration to the aforementioned factors, she may have accorded greater weight to Dr. Ghani's opinions. *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010) (stating that an ALJ may have accorded great weight to a treating physician's opinions if she had properly considered that the physician had treated him monthly for over a year, had a relevant specialty, and her findings remained relatively consistent.)

Moreover, the Commissioner seemingly makes no argument that the ALJ properly weighed Dr. Ghani's opinion under the requisite factors. Instead, she merely notes that "the ALJ explained Dr. Ghani's opinion of significant limitations was not supported by, and was inconsistent with, the medical evidence discussed in her thorough decision." (Def.'s Mem. at 4.) As expressed above, consideration of these two facts alone does not constitute substantial

6

evidence to support the ALJ's conclusions. Without more, she failed to build the logical bridge between the evidence and her decision to reject the opinions of Claimant's treating physician.

For the foregoing reasons, we find the ALJ's dismissal of Dr. Ghani's opinion to be in error. Although the ALJ decided that Dr. Ghani's opinion was not entitled to controlling weight, it remained a piece of evidence for her to consider. *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). On remand, if the ALJ does not give controlling weight to Dr. Ghani's opinions, she must articulate her consideration of the five factors before she accords them lesser weight.

B. **On Remand, the ALJ Should Reevaluate Claimant's Credibility**

Next, Claimant argues that the ALJ failed to find her entirely credible because she conducted a flawed analysis under Social Security Ruling ("SSR") 16-3p. (Cl.'s Br. at 9–11.) Since the ALJ issued her decision in this case, the Social Security Administration has issued new guidance on how the agency assesses the effects of a claimant's alleged symptoms. SSR 96-7p and its focus on "credibility" has been superseded by SSR 16-3p to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at *1; *see also Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) ("The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence."). Because SSR 16-3p is simply a clarification of the Administration's interpretation of existing law, rather than a change to it, this new ruling applies to Claimant's argument in this case. *See Qualls v. Colvin*, No. 14 CV 2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016); *Hagberg v. Colvin*, No. 14 C 887, 2016 WL 1660493, at *6 (N.D. Ill. Apr. 27, 2016).

7

As before, under SSR 16-3p, an ALJ must carefully consider the entire record and evaluate the "intensity and persistence of an individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 WL 1119029, at *2. An ALJ need not mention every piece of evidence in her opinion. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). But an ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts by ignoring evidence that points to a disability finding. *Goble v. Astrue*, 385 Fed. Appx. 588, 593 (7th Cir. 2010). Moreover, an ALJ "may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995). Where an ALJ's credibility finding is patently wrong, meaning it lacks explanation or support, the Court will reverse the ALJ's decision. *Elder*, 529 F.3d 408 at 413–14.

In the present case, the ALJ rejected Claimant's statements about the intensity and persistence of her pain "solely because the available objective medical evidence [did] not substantiate [her] claims." 20 C.F.R. § 404.1529(c)(2). SSR 16-3p requires an ALJ to consider other factors including "statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms" before she may reach a conclusion about the intensity, pace, or limiting effect of an individual's symptoms. SSR 16-3p, 2016 WL 1119029, at *5. In the present case, the ALJ only pointed to instances where Claimant's statements are not supported by the objective medical evidence to discredit her credibility. In particular, the ALJ stated that "the claimant testified to chronic wheezing[; h]owever, . . . the physical exams consistently revealed clear lungs." (R 30.) She rejected Claimant's statement that she only presented to Dr. Ghani for emergency care because "the record does not support frequent presentations due to exacerbations." (R. 30–31.) Further along

8

in her discussion, the ALJ stated that "the record does not document or support" Claimant's allegation that she must use a nebulizer four to six times per day to help control her asthma. (R. 31.) This discussion demonstrates that ALJ impermissibly relied solely on a lack of support from the objective medical evidence to support her conclusion that Claimant was not entirely credible.

At one point in her decision, the ALJ attempted to summarize testimony from Dr. Jilhewar to support her credibility conclusions. (*Id.*) Dr. Jilhewar testified that an individual may use a nebulizer "every four hours, if necessary" or "up to six times a day, if necessary." (R. 92–93.) In her opinion, the ALJ stated that Dr. Jilhewar testified that a nebulizer should not be used "more than four times daily." (R. 31.) This mischaracterization of testimony cannot form the basis of substantial evidence in support of the ALJ's credibility determination. *See Terry v. Astrue*, 580 F.3d 471, 477–78 (7th Cir. 2009) (finding reversible error where an ALJ repeatedly supported her conclusion that claimant was not credible with mischaracterizations of the record and "purported 'inconsistencies'" in claimant's testimony.)

On remand, the ALJ must consider other evidence including statements from the individual, her medical sources, and any other sources that may have information regarding her symptoms before reaching a conclusion about the intensity, persistence, or limiting effects of Claimant's symptoms.

Claimant also argues that the ALJ illogically "found [Claimant]'s claims of limited activity to be undermined by [her] *desire* to begin exercising." (Cl.'s Br. at 10 (emphasis in original).) The ALJ listed several other factors to undermine Claimant's complaints of pain, including the fact that she presented to her consultative examination without a mask, is able go out in public and shop, and meets a friend weekly. The Court agrees with Claimant that those

minimal activities are not inconsistent with Claimant's assertion that she does not engage in much activity inside and outside of the home, nor do they contradict her claims of shortness of breath. *See Ramey v. Astrue*, 319 Fed. Appx. 426, 429–30 (7th Cir. 2009) (holding that the claimant's activities of driving, grocery shopping every two weeks, and going to church once a week were not inconsistent with the her allegations that she slept most of the day and experienced severe pain, reasoning that "[the claimant's] activities are minimal and should not have formed a basis for the ALJ's adverse credibility determination"); *Carradine v. Barnhart*, 360 F.3d 751, 756 (7th Cir. 2004) (noting that claimant's physical activities including grocery shopping, walking for an hour in the mall, and getting together with friends, did "not necessarily transfer[] to the work setting with regard to the impact of pain").

## IV. CONCLUSION

For the reasons stated in the Court's Memorandum Opinion and Order, Claimant's Motion for Summary Judgment [ECF No. 11] is granted. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with the Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 8, 2017