IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA CRISS, | ) | |
| | ) | |
| Claimant, | ) | No. 16 C 2348 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Laura Criss ("Claimant") has filed an application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). [ECF No. 26]. In the Application, Claimant argues the Court should award her $8,728.70 in attorney's fees and $400.00 in costs. In response, Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), argues the Court should deny Claimant's Application in its entirety because Claimant did not file the Application within the timeframe provided for by the EAJA. [ECF No. 30]. The Commissioner says that, in the event the Court disagrees and finds the Application to be timely, she has no objection to the amounts of fees and expenses sought by Claimant. [ECF No. 30, at 2–3]. In reply, Claimant concedes she did not file her Application within the relevant statutory time period but contends her Application should be found timely under the doctrine of equitable tolling. [ECF No. 31], at 1. Thus, the sole issue now before the Court is whether equitable tolling can save Claimant's untimely Application.

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Colvin is automatically substituted as the defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

The EAJA provides that a court shall award reasonable attorneys' fees and other expenses to a "prevailing party" in a civil action against the United States. 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). A part seeking an award of fees and expenses must show "(1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court." *Olvey v. Colvin*, 2015 WL 5672622, at *1 (S.D. Ind. Sept. 25, 2015). The last requirement, which is the only one at issue in this case, comes from 28 U.S.C. § 2412(d)(1)(B), which requires a party to file an application within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B); *Ward v. Comm'r of Soc. Sec.*, 2017 WL 1658813, at *2 (C.D. Ill. May 1, 2017). When a court reverses and remands the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Baca v. Colvin*, 2015 WL 73228, at *2 (C.D. Ill. Jan. 5, 2015).

In this case, the Court issued a Memorandum Opinion and Order reversing the Commissioner's decision under sentence four of § 405(g) and entered judgment in Claimant's favor. [ECF No. 24, 25]. The Court did both on March 8, 2017. Because the Commissioner is the defendant in this case, the parties had 60 days to appeal. *See Shalala*, 509 U.S. at 302; FED. R. APP. P. 4(a)(1)(B). That 60-day period elapsed on May, 7, 2017, which was a Sunday. So, under Federal Rule of Appellate Procedure 26(a)(1)(C), the 30-day EAJA clock did not start running until Monday, May 8, 2017. Under the EAJA, Claimant had until June 7, 2017, to file her Application. She did not file it until July 3, 2017.

2

Neither party contests any of the above facts and analysis. Instead, as already noted, the present dispute turns solely on whether the deadline for filling Claimant's Application should be equitably tolled. The Commissioner does not argue that the 30-day EAJA clock is not subject to equitable tolling. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005) ("In sum, we conclude that based on the Supreme Court's decision in *Scarborough,* the EAJA time limitation for fee applications is subject to equitable tolling."); *Doelling v. Colvin*, 2015 WL 1280106, at *2 (W.D. Ark. Mar. 20, 2015) ("Because the 30-day deadline is not jurisdictional, courts may consider equitable-tolling and the relation back doctrine when addressing an untimely filing or amended application for attorney fees."); *but see Norman v. Astrue*, 2013 WL 141146, at *2 (D. Or. Jan. 11, 2013) ("It is not clear that equitable tolling is applicable to the 30-day EAJA deadline."); *Beck v. Astrue*, 2012 WL 3641425, at *1 (D. Ariz. Aug. 24, 2012) ("It is unclear whether equitable tolling is available for EAJA motions for attorneys' fees."). Instead, the Commissioner argues the facts of this case do not justify equitable tolling.

In the social security context, a court applies traditional equitable tolling principles. *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). Equitable tolling is "only appropriate in rare and exceptional circumstances." *Hooper v. Berryhill*, 2017 WL 927843, at *2 (S.D.N.Y. Mar. 8, 2017) (quoting *Gomez v. City of N.Y.*, 2016 WL 3093982, at *4 (S.D.N.Y. May 31, 2016)). "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 125 (2005)) (internal quotation marks omitted). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (quoting *Graham-Humphreys v. Memphis Brooks*

3

*Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000); *see also Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 398 (3d Cir. 2003) ("We heed the Supreme Court's admonition that equitable tolling is 'to be applied sparingly.'") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)).

In this case, Claimant's attorney emailed the Commissioner's attorney on April 28, 2017, asking to settle the EAJA fee issue for the amounts Claimant now is seeking. [ECF No. 31 at 1, 4]. According to Claimant, the Commissioner's attorney responded that day, saying she would look at the issue the following week. *Id.* The Commissioner's attorney did not respond the following week. Then, "[d]ue to a docketing error" made by Claimant's attorney, the June 7 deadline passed without Claimant's attorney either attempting to recontact the Commissioner's attorney or filing an application. *Id.* at 2, 4. Five days after the 30-day EAJA period had run, Claimant's attorney emailed the Commissioner's attorney again, seeking to settle the fee matter on the same terms raised in April. *Id.* The Commissioner's attorney responded promptly and said the matter had fallen off her radar in April after she received the Claimant's attorney's email. *Id.* She also inquired as to when the deadline for Claimant's application would expire. *Id.* at 2, 4–5. In an email sent on June 16, Claimant's attorney admitted the deadline had passed. *Id.* at 2, 5. Then, on June 27, the two attorneys spoke on the phone, and the Commissioner's attorney said she could not agree to settle the EAJA fee issue because Claimant had missed the deadline. *Id.* Finally, on July 3, Claimant filed the Application now before the Court.

Claimant argues equitable tolling is justified in this case because the Commissioner and Claimant were attempting to negotiate a settlement of the EAJA fee issue when Claimant's attorney missed the deadline. But the facts, even as described by Claimant, do not indicate that settlement negotiations caused the oversight. In late April, Claimant's attorney essentially made

4

a settlement demand and the Commissioner's attorney indicated she would respond to the demand in the future but never did. Claimant's attorney did not try to contact the Commissioner's attorney again before the June 7 deadline, even though the Commissioner's attorney had said she would respond during the week beginning April 30. So, when the deadline came and went, the parties were not engaged in active settlement negotiations.

This is not a situation where the parties were exchanging proposals and counter-proposals down to the wire, and one party delayed filing a motion so as not to disrupt the settlement process. Moreover, Claimant's attorney does not offer any reason why he could not have filed Claimant's Application while he waited for a response from the Commissioner's attorney. Doing so would not have precluded the parties from settling the fee issue and may even have drawn the Commissioner's attention to the matter. As Claimant's attorney admits, he actually missed the deadline because of "a docketing error on [his] part." *Id.* at 2, 4. Such "[g]arden variety claims of excusable neglect do not justify equitable tolling." *Miller v. Colvin*, 2014 WL 2435538, at *3 (N.D. Ind. May 29, 2014); *see also Sorrell v. Colvin*, 2015 WL 4942154, at *3 (N.D. Cal. Aug. 18, 2015) (the application was two days late because of a "miscalculation of the filing date"); *Bernal v. Colvin*, 2015 WL 4873024, at *2 (E.D. Cal. Aug. 12, 2015) (the application was one day late because of "a calendaring error by counsel"); *Beck*, 2012 WL 3641425, at *1 (the application was one day late because of a "lawyer's calendaring error"); *Parker v. Astrue*, 2009 WL 1543997, at *1 (S.D.W. Va. May 29, 2009) (the application was two days late because of a "clerical error in counting"); *Huichan v. Barnhart*, 2006 WL 6087660, at *3 (W.D. Wis. Oct. 10, 2006) (the application was 18 days late because of "a glitch in [the Claimant's] lawyer's case management procedures").

5

Claimant also contends the Commissioner was not prejudiced by the late filling of her Application. But "the absence of prejudice to the opposing party 'is not an independent basis for invoking the doctrine [of equitable tolling] and sanctioning deviations from established procedures.'" *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 757 (2016) (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Because Claimant did not diligently pursue her rights and an extraordinary circumstance did not stand in her way, equitable tolling cannot save Claimant's untimely Application.

For all of these reasons, the Court denies Claimant's Motion for Attorney's Fees under the Equal Access to Justice Act [ECF No. 26]. This is an unfortunate result for Claimant's attorney but one that is required, in the Court's view, by the case law and the analysis set forth above.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 9, 2017